DONALD A. GREEN (225171)
DOAN LAW FIRM, LLP
ATTORNEYS AT LAW
2850 PIO PICO DR., SUITE D
CARLSBAD, CA 92008
(760) 450-3333 ♦ FACSIMILE (760) 450-6082

Attorney for Plaintiff, MARIO ABELA-MCCANN

FILED
08 JUN 12 PM 12:17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MARIO ABELA-MCCANN, an individual,

    Plaintiff,

v.

UNITED STATES OF AMERICA, a Federal Government Entity, OFFICER R.T. WARD JR., an individual, and DOES 1-50, inclusive,

    Defendants.

Case No.: '08 CV 1047 H AJB

COMPLAINT FOR:

1. **NEGLIGENCE**
2. **ASSAULT**
3. **BATTERY**
4. **FALSE IMPRISONMENT**
5. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
6. **CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1985)**
7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

Plaintiff MARIO ABELA-MCCANN alleges as follows:

## I.

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1332, 1337, 1343(a), and 1367(a); AND 42 U.S.C. §§.1983, 1985(3), 1986, and 1988.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

///

## II.

## VENUE

3. A substantial portion of the events giving rise to the claims alleged in this complaint arose in San Diego County, California. Therefore, venue is proper under 28 U.S.C. § 1391(b)(2).

## III.

## INTRODUCTION

4. This is a claim for damages brought under state and federal law against the UNITED STATES OF AMERICA, its officials, and employees for common, state, and federal law violations.

5. Common law and state law claims alleged in this action are for assault, battery, false imprisonment, negligence, and intentional infliction of emotional distress.

6. Plaintiff alleges that the UNITED STATES OF AMERICA is liable for injuries that occurred to his person on or about September 10, 2006. On said date, plaintiff alleges that the officials and/or officers of the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, including Officer R.T. Ward Jr., generally assaulted, battered and falsely imprisoned plaintiff.

7. Plaintiff further generally alleges that defendant UNITED STATES OF AMERICA was negligent in hiring officers of the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services and failed to adequately train and supervise its field personnel.

8. Federal law claims alleged in this action are for a violation of civil rights as guaranteed and protected by 42 U.S.C. § 1983, and for conspiracy to deprive plaintiff of his civil rights under 42 U.S.C. § 1985. Plaintiff alleges that Border Patrol agents of defendant UNITED STATES OF AMERICA, including R.T. Ward Jr., and each of them violated his First Amendment right of privacy, Fourth Amendment right against unreasonable search and seizure, Fifth and Fourteenth amendment rights to due process, Sixth amendment right to counsel, and Eighth amendment rights to be free of cruel and unusual punishment. Plaintiff further alleges that defendants, each and all of them, acted cruelly, with malicious and willful intent and reckless indifference to his safety and welfare in attacking, assaulting, and injuring plaintiff. Plaintiff prays for damages and injunctive relief as set forth herein.

## IV.

## **PARTIES**

9. Plaintiff, MARIO ABELA-MCCANN, is a British citizen and a permanent resident of the United States of America. He holds a valid California driver's license. For all relevant times herein, plaintiff was residing in Dulzura, County of San Diego, California at the Madre Grande Monastery.

10. Defendant UNITED STATES OF AMERICA is a Federal Government Entity. Exclusive jurisdiction of civil actions on claims against the United States, for money damages, for personal injury, is authorized under 28 U.S.C. § 1346(b). The U.S. Department of Homeland Security is a department of the United States with functions that include border enforcement. United States Citizenship and Immigration Services and the United States Customs and Border Protection are divisions of the U.S. Department of Homeland Security. Waiver of the sovereign immunity of the United States is authorized by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. Plaintiff alleges he has fully complied with the requirements of the FTCA as alleged herein

11. Plaintiff alleges on information and belief that defendant R.T. WARD, JR. is an agent and/or officer of the U.S. Department of Homeland Security, United States Citizenship and Immigration Services or United States Customs and Border Protection. Plaintiff further alleges that for all relevant times herein R.T. Ward Jr. was a citizen, domiciliary and permanent resident of the State of California, County of San Diego, and that he was employed and stationed by the U.S. Department of Homeland Security in the County of San Diego.

12. All injuries to plaintiff, as hereinafter alleged, occurred in the County of San Diego, California.

13. Defendants DOES 1 through 50, inclusive, are sued under fictitious names. Their true names and capacities are unknown to PLAINTIFF. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and on that basis alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such defendants.

14. PLAINTIFF is informed and believes and on that basis alleges that each named defendant, including DOES 1 through 50, was the agent, servant, employee, or partner of each other defendant, and that each defendant was acting within the course and scope of such agency, employment, partnership, or other business relationship and with the consent or the ratification of each other in doing the things alleged herein.

V.

**GENERAL ALLEGATIONS**

15. PLAINTIFF is a 40-year-old man living a monastic and quiet existence at the Madre Grande Monastery in Dulzura, California. After moving to the United States from England where he is a British citizen, and traveling around the country, he met his wife and settled in rural Dulzura to enjoy the simplicity of life. He received his permanent residency card on July 5, 2006.

16. Dulzura is a small town about 30 miles east of downtown San Diego. Interstate-94 is the only main thoroughfare from Dulzura to San Diego.

17. On September 10, 2006. Plaintiff MARIO ABELA-MCCANN and his friend, Fabien Terrasse were heading to Mission Valley in San Diego at approximately 11:00 in the morning to participate in a soccer game. In doing so, they passed the Dulzura border patrol checkpoint.

18. Plaintiff and Mr. Terrasse were initially waved through the checkpoint, but as they passed were ordered to stop by Defendant Officer R.T. Ward Jr. and at least two other officers whose names are not yet known to Plaintiff. The officer demanded that Plaintiff produce his identification. Plaintiff produced his green card and valid California driver's license. When Mr. Terrasse, also a British citizen, informed the officers that he had forgotten his passport, the officer demanded that Plaintiff open the trunk of the vehicle. The vehicle belonged to and was registered in the name of his wife.

19. As Plaintiff and Mr. Terrasse were questioned, defendant R.T. Ward Jr. became belligerent and began yelling at other passersby. When the officers demanded that Plaintiff leave Mr. Terrasse alone with them, their hostility obvious, Plaintiff informed them he was uncomfortable leaving Mr. Terrasse alone. He stood by and watched as Mr. Terrasse was taken to be searched.

20. When the officers aggressively kicked Mr. Terrasse's legs apart and forced his hands over his head, Plaintiff began writing the name of the officers involved on a piece of scratch paper. Defendant Officer Ward then snatched the pen out of Plaintiff's hand. As Plaintiff was determined to get the name of the officers, the officers, including Defendant R.T. Ward Jr. became violent.

21. Plaintiff was suddenly violently thrown around, his hand twisted behind his back, and he was thrown to the ground. In addition, plaintiff was thrown with great force against a wall, causing him to suffer head injuries and contusions to his arms and legs. He was thereafter detained, without access to medical attention, for a significant period of time, causing him to suffer a great deal of pain and distress from his untreated injuries.

22. Plaintiff alleges that Defendant Homeland Security had knowledge of the dangerous and violent propensities of Defendant WARD and the other officers, were negligent in hiring and employing them, and had, and for all relevant times herein, had an established habit, pattern, practice, custom and policy of negligence in authorizing and ratifying the continued practice of violence and abuse of detainees, all in violation of their civil rights.

## VI.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

**(as against all Defendants)**

23. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 22, inclusive.

24. Plaintiff alleges that on September 10, 2006, defendant Homeland Security, and Does 1-50, each and all of them, so negligently operated, entrusted, supervised, hired, and employed their agents so as to cause Plaintiff to be physically and emotionally abused, causing injury and damage to Plaintiff.

25. Plaintiff alleges that Defendant United States of America had an established habit, pattern, practice, custom and policy of negligence in authorizing and ratifying the continued practice of violence and abuse of detainees, all in violation of their civil rights.

26. As a proximate result of the negligent acts and omissions of Defendant, and each of them, Plaintiff was seriously injured in his health, strength, and activity, and has sustained and continues to sustain injury to his body including, but not limited to, injuries to his face, arms, and legs, pain and suffering, loss of sleep, loss of enjoyment of daily activities, humiliation, grief, and anxiety.

27. As a proximate result of the negligent acts and omissions of Defendants, and each of them, Plaintiff has incurred and continues to incur medical expenses, out of pocket expenses, impaired future earning capacity and other damages, including, but not limited to, costs and interest payments related to costs incurred as a result of the incident in an amount according to proof.

## VII.

## SECOND CAUSE OF ACTION

## ASSAULT

## (Against all Defendants)

28. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 27, inclusive.

29. Plaintiff alleges that defendant UNITED STATES OF AMERICA, by and through its employment relationship with defendants, and each of them, is responsible for the acts complained of herein through vicarious liability, as defendants, and each of them, were the ostensible agent of defendant UNITED STATES OF AMERICA.

30. Plaintiff alleges that defendants, and each of them, by and through the conduct of defendant R.T. WARD as alleged hereinabove, intended to cause a harmful or offensive contact with the person of plaintiff, and/or intended plaintiff to be in imminent apprehension of such contact.

31. Plaintiff further alleges that defendants, and each of them, by and through the intentional conduct of defendant R.T. WARD, as alleged hereinabove, put plaintiff in such imminent apprehension as a result, which culminated in an assault upon the plaintiff.

32. As a proximate result of the intentional acts of Defendants, and each of them, Plaintiff has incurred and continues to incur medical expenses, out of pocket expenses, impaired future earning capacity and other damages, including, but not limited to, costs and interest payments related to costs incurred as a result of the incident in an amount according to proof.

## VIII.

## THIRD CAUSE OF ACTION

## BATTERY

### (Against All Defendants)

33. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 32, inclusive.

34. Plaintiff alleges that defendant UNITED STATES OF AMERICA, by and through its employment relationship with defendants, and each of them, is responsible for the acts complained of herein through vicarious liability, as defendants, and each of them, were the ostensible agent of defendant UNITED STATES OF AMERICA.

35. Plaintiff alleges that the intentional unlawful, harmful, offensive, and unconsented contact with his person by defendants, and each of them, through the physical beating upon him by defendant R.T. WARD, as alleged above, constituted a battery. Such unlawful battery actually and proximately caused plaintiff to suffer great bodily harm and injury to his person.

36. As a proximate result of the intentional acts of Defendants, and each of them, Plaintiff has incurred and continues to incur medical expenses, out of pocket expenses, impaired future earning capacity and other damages, including, but not limited to, costs and interest payments related to costs incurred as a result of the incident in an amount according to proof.

## IX.

## FOURTH CAUSE OF ACTION

## FALSE IMPRISONMENT

### (Against All Defendants)

37. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 36, inclusive.

38. Plaintiff alleges that defendants, and each of them, at the time of the incident, placed him in a holding cell without his consent and absent any reasonable cause or intent to arrest him. Such intentional act to confine plaintiff against his will, by placing him in a holding cell and confining him thereby, with no reasonable means to escape, while suffering from extreme pain caused by the

severe bodily injuries to his person, caused plaintiff great anxiety and resulted in the false imprisonment of plaintiff.

39. As a proximate result of the intentional acts of Defendants, and each of them, Plaintiff has incurred and continues to incur medical expenses, out of pocket expenses, impaired future earning capacity and other damages, including, but not limited to, costs and interest payments related to costs incurred as a result of the incident in an amount according to proof.

X.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

40. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 39, inclusive.

41. Plaintiff hereby alleges that the intentional conduct by defendants, and each of them, through the wrongful acts of defendant R.T. WARD alleged above, was of a nature that exceeded the bounds of what is generally tolerated in a civilized society, and was malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

42. Plaintiff further alleges that the conduct of defendants, and each of them, through the intentional and wrongful acts of defendant R.T. WARD as alleged above, was so extreme and outrageous toward plaintiff that in fact did actually and proximately cause plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

43. As a proximate result of the intentional acts of Defendants, and each of them, Plaintiff has incurred and continues to incur medical expenses, out of pocket expenses, impaired future earning capacity and other damages, including, but not limited to, costs and interest payments related to costs incurred as a result of the incident in an amount according to proof.

///

///

///

## XI.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS

### (42 U.S.C. § 1983)

### (as against all Defendants)

44. PLAINTIFF refers to and incorporates herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 43, inclusive.

45. PLAINTIFF is informed and believes and on that basis alleges that defendants, and each of them, had no reasonable cause to detain and/or arrest him, and no lawful basis for physically beating him, resulting in the severe physical and emotional injuries suffered by plaintiff as a direct and proximate result.

46. PLAINTIFF is further informed and believes and on that basis alleges that for all relevant times herein defendants, and each of them, engaged in a pattern and practice of unlawful physical beating, restraint, and abuse toward PLAINTIFF, as herein described, and such unlawful and abusive conduct amounted to an absolute and direct violation of plaintiff's constitutional rights, in particular violations of his First and Eighth Amendment Rights against unreasonable search and seizure and freedom from cruel and unusual punishment.

47. PLAINTIFF is informed and believes, and thereon alleges, that defendants, and each of them, were responsible for his safety and protection while detaining him at their facility during all relevant times mentioned herein. PLAINTIFF is further informed and believes, and, on that basis alleges, that DOES 1 through 50 were officers, directors, managing agents, partners, and/or employees of Defendant United States of America, Department of Homeland Security, and/or the U.S. Department of Immigration & Naturalization Services, and were acting in a corporate or employment capacity during all relevant times mentioned herein.

48. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS were acting in their official capacities as officers, directors, agents, partners, and/or employees of Defendant United States of America, Department of Homeland Security, and/or the U.S. Department of Immigration & Naturalization Services. PLAINTIFF further alleges that as such, DEFENDANTS

1  were acting under color of law and in violation of PLAINTIFF's Constitutional rights, in particular
2  violations of his First Amendment right of privacy, his Fifth and Fourteenth Amendment right to due
3  process, and his Sixth Amendment right to counsel.

4      49. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS had a
5  "special relationship" with PLAINTIFF that required them to protect his life, liberty, and property.

6      50. PLAINTIFF alleges that DEFENDANTS violated his civil rights by:

7      a. Violating his Fourth and Eighth Amendment rights to be free of unreasonable
8  searches and seizure, and cruel and unusual punishment through their deliberate and intentional acts
9  of assaulting, beating, and confining him;

10      b. Violating his rights of equal protection and privileges and immunities, and due
11  process as guaranteed by the Fifth and Fourteenth Amendments as heretofore alleged by
12  intentionally and unlawfully detaining, beating, and confining him as heretofore alleged; Violating
13  his rights to due process of law as heretofore alleged;

14      c. Violating his right to counsel as guaranteed by the Sixth Amendment by willfully and
15  unlawfully detaining him without cause;

16      d. Violating his right to privacy as guaranteed by the First Amendment by unlawfully
17  and without reasonable cause stopping him and detaining him.

18      51. PLAINTIFF alleges that DEFENDANTS, each and all of them, were acting under color
19  of state law for all relevant times mentioned herein.

20      52. PLAINTIFF further alleges that DEFENDANTS, each and all of them, conspired against
21  him to deprive him of his constitutional rights, as heretofore alleged, and that his constitutional right
22  to be free of cruel and unusual punishment was in fact violated. *Thompson v. City of Lawrence* (10th
23  Cir. 1995) 58 F.3d 1511, 1517.

24      53. PLAINTIFF further alleges that the conduct of DEFENDANTS denied him equal
25  protection of the laws as protected by the Fourteenth Amendment of the U.S. Constitution because
26  the acts of defendants were discriminatory and based on the fact that Plaintiff is of foreign national
27  origin.

28

54. As a proximate result of the intentional acts of Defendants, and each of them, Plaintiff has incurred and continues to incur medical expenses, out of pocket expenses, impaired future earning capacity and other damages, including, but not limited to, costs and interest payments related to costs incurred as a result of the incident in an amount according to proof. Plaintiff also suffered emotional and physical distress, humiliation, embarrassment and mental anguish, all in an amount to be determined by the court.

XII.

### SEVENTH CAUSE OF ACTION

### CONSPIRACY TO VIOLATE CIVIL RIGHTS

(42 U.S.C. § 1985)

**(as against all Defendants)**

55. PLAINTIFF refers to and incorporates herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 54, inclusive.

56. PLAINTIFF is informed and believes, and thereon alleges, that some of the actions of defendants R.T. WARD and DOES 1-50 with respect to the treatment of Plaintiff were outside the scope of their employment with Defendants United States of America, Department of Homeland Security, and/or Immigration & Naturalization Services, and that, as such, they were not acting in their official capacities as agents, partners, employees or servants of such defendants.

57. PLAINTIFF is informed and believes, and thereon alleges, that Defendants acting outside the course and scope of their employment with defendants United States of America, Department of Homeland Security, and/or Immigration & Naturalization Services conspired with one another to deprive Plaintiff of his civil rights as follows:

 a. Defendants, each and all of them, conspired to prevent each other defendant from performing their official duties to keep and protect plaintiff free from harm while in defendants' custody and control, and ensure plaintiff's safety. Plaintiff further alleges that said conspiracy was discriminatory in that Plaintiff is of foreign national origin (42 USC § 1985(1)); and

 b. Defendants, each and all of them, conspired to deprive Plaintiff of his constitutional rights, to wit his constitutional right to be free of cruel and unusual punishment, based on the fact

that Plaintiff is of foreign national origin. Plaintiff alleges that said deprivations denied him equal protections and privileges and immunities under the law (42 USC § 1985(3)).

58. As a proximate result of the intentional acts of Defendants, and each of them, Plaintiff has incurred and continues to incur medical expenses, out of pocket expenses, impaired future earning capacity and other damages, including, but not limited to, costs and interest payments related to costs incurred as a result of the incident in an amount according to proof. Plaintiff also suffered emotional and physical distress, humiliation, embarrassment and mental anguish, all in an amount to be determined by the court.

## XIII.

## PRAYER FOR

## DAMAGES AND OTHER REMEDIES

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS and relief as follows:

1. For compensatory damages, including special and general damages;
2. For an amount necessary to prevent the unjust enrichment of defendants, to the extent that such amount is not included in any actual damages awarded;
3. For interest according to law;
4. For exemplary damages
5. For attorneys' fees pursuant to 42 USC §§ 1983, 1985;
6. For costs of suit herein incurred;
7. For other and further relief as the court may deem proper.

Dated: June 2, 2008        DOAN LAW FIRM, LLP

By: _____
DONALD A. GREEN
Attorney for Plaintiff, MARIO ABELA-MCCANN

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       # 151899      - TC
       * * C O P Y * *
         June 12, 2008
            12:20:46


         Civ Fil Non-Pris
    USAO #.: 08CV1047
    Judge..: MARILYN L HUFF
    Amount.:              $350.00 CK
    Check#.: BC159




    Total-> $350.00



    FROM: MARIO ABELA-MCCANN
          VS.
          USA
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARIO ABELA-McCANN

**DEFENDANTS**
UNITED STATES OF AMERICA, a Federal Government Entity, OFFICER R.T. WARD, an individual, and DOES 1-50,

(b) County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
08 JUN 12 PM 12:16
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
DONALD A. GREEN, DOAN LAW FIRM
2850 Pio Pico Dr., Site D, Carlsbad, CA 92008

Attorneys (If Known)
'08 CV 1047 H AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Secs. 1983, 1985
Brief description of cause:
Vio of Civ Rts & conspiracy to vio; Negligence, Assault & Battery, False Imprisonment, Int. Infl. of Emot. Dist.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 06/06/2008
SIGNATURE OF ATTORNEY OF RECORD: X _____

**FOR OFFICE USE ONLY**
RECEIPT # 151899  AMOUNT $350  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____
SAC 6/12/08